Filing # 123500524 E-Filed 03/22/2021 12:07:06 PM

IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case No. COCE- 21- 015288

**RECEIVED APR 05 2021**

NELLY ROJAS,

    Plaintiff,

v.

**JURY TRIAL DEMANDED**

NORTHSTAR LOCATION SERVICES, LLC
and BARCLAYS BANK PLC,

    Defendants.

_____/

## STATEMENT OF CLAIM

Plaintiff NELLY ROJAS ("Plaintiff") sues Defendant Northstar Location Services, LLC, and Defendant Barclays Bank PLC (collectively, "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Defendants (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendants because Defendants are operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendants occurred within Broward County, Florida.

3. The amount in controversy is greater than $500.00, but does not exceed $8,000.00, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

PAGE | 1 of 7

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

4.     Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Broward County Florida.

## PARTIES

5.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6.     Defendant Northstar Location Services, LLC ("Defendant-DC") is a New York, with its principal place of business located in Cheektowaga, New York.

7.     Defendant-DC engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

8.     At all times material, Defendant-DC was acting as a debt collector in respect to the collection of Plaintiff's debts.

9.     Defendant Barclays Bank PLC ("Defendant-Creditor") is a Delaware corporation, with its principal place of business located in New York, New York.

10.    At all times material, Defendant-Creditor was the creditor of the debts Defendant-DC sought to collect from Plaintiff.

## DEMAND FOR JURY TRIAL

11.    Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

12.    On a date better known by Defendants, Defendant-DC began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

13.    The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between Plaintiff and the creditor of the Consumer Debt, Defendant-Creditor, involving an unsecured line of credit (the "Subject Service").

PAGE | 2 of 7

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14. The Subject Service was primarily for personal, family, or household purposes.

15. Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

16. Defendant-DC is a business entity engaged in the business of collecting consumer debts.

17. Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. Defendant-DC is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

19. Defendant-DC's "Consumer Collection Agency" license number is CCA0900139.

20. Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

21. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

22. In the first weeks of January-2020, a global pandemic caused by the COVID-19 virus began spreading across the world, causing extensive logistical problems for businesses on a nationwide scale, but most pointedly, resulted in unprecedented devastation to consumers nationwide – all of which became pervasive public knowledge (the "Pandemic").

23. On January 31, 2020, a United States Public Health Emergency was announced due to the Pandemic.

24. On March 01, 2020, a Florida Public Health Emergency was announced due to the Pandemic.

25. On March 13, 2020, a United States National Emergency was announced due to the Pandemic.

26. As a result of the onset of the Pandemic, of which remains on going, Defendants knew that attempting to collect consumer debts amid the Pandemic would be unusual and inconvenient to consumers, as the Pandemic has publicly caused unprecedented economic and financial devastation to consumers nationwide without reservation.

27. As a result of the onset of the Pandemic, of which remains on going, Defendants knew that attempting to collect consumer debts amid the Pandemic would severely harass the target consumer.

28. Subsequent to the onset of the Pandemic, Defendant-DC sent a letter, dated April 06, 2020, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt.

29. Attached hereto as Exhibit "A" is a copy of the Collection Letter.

30. The Collection Letter is a communication from Defendants to Plaintiff in connection with the collection of a debt.

31. The Collection Letter represents an action to collect a debt by Defendants.

32. Defendant-DC identifies itself as a "debt collector" in the Collection Letter.

33. In the Collection Letter, Defendant-DC states that it (the Collection Letter) is "an attempt to collect a debt."

34. Defendant-DC is a "person" within the meaning of Fla. Stat. § 559.72.

35. Defendant-Creditor is a "person" within the meaning of Fla. Stat. § 559.72.

PAGE | 4 of 7

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT I.
## <u>VIOLATION OF 15 U.S.C. § 1692c(a)</u>
*(against Defendant-DC)*

36. Plaintiff incorporates by reference paragraphs 1-35 of this Complaint as though fully stated herein.

37. Section 1692c of the FDCPA mandates, *inter alia*, that:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt … **at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.**

15 U.S.C. § 1692c(a)(1) (emphasis added).

38. As stated above, Defendant-DC mailed Plaintiff the Collection Letter in an attempt to collect the Consumer Debt during the Pandemic. Defendant-DC knew or should have known that the Pandemic, unquestionably, resulted in *unusual* circumstances during time § 1692c(a)(1) prohibits the collection of the Consumer Debt. Further, Defendant-DC knew or should have known that, due to the Pandemic, attempting to collect the Consumer Debt would, unquestionably, be inconvenient, as consumers nationwide were plunged into such economic and financial turmoil that an emergency stimulus bill, valued in the trillions of dollars, was warranted – and thereafter effectuated – within a matter of weeks.

39. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. § 1692k;

(b) Costs and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

PAGE | 5 of 7

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT II.
### VIOLATION OF FLA. STAT. § 559.72(7)
*(against Defendant-DC and Defendant-Creditor)*

40. Plaintiff incorporates by reference paragraphs 1-35 of this Complaint as though fully stated herein.

41. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: *"Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."* Fla. Stat. § 559.72(7).

42. As stated above, Defendant-DC knew that attempting to collect the Consumer Debt from Plaintiff amid the Pandemic would be reasonably expected to harass Plaintiff, and nevertheless, Defendant-DC proceeded to mail the Collection Letter to Plaintiff. As such, by and through the Collection Letter, Defendant-DC violated Fla. Stat. § 559.72(7).

43. Further, at minimum, Defendant-DC acted with apparent authority in attempting to collect the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

44. Defendant-Creditor purposely provided Defendant-DC with the requisite information to collect the Consumer Debt from Plaintiff, including but not limited to, Plaintiffs address, the loan balance, and interest rate.

45. Here, the above-mentioned violation of § 559.72(7) is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such FCCPA violation.

46. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC and Defendant-Creditor, awarding Plaintiff the following relief:

    (a) Statutory damages as provided under Fla. Stat. §559.77(2);

    (b) An injunction prohibiting Defendant-DC from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

    (c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

    (d) Any other relief that this Court deems appropriate under the circumstances.

Dated: March 19, 2021

Respectfully Submitted,

/s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:   855-529-9540

*COUNSEL FOR PLAINTIFF*

# EXHIBIT "A"

4285 Genesee Street
Cheektowaga, NY 14225-1943

Return Service Requested

04/06/2020

Northstar Location Services, LLC
1-888-820-0964
Hours Mon- Fri 8AM-8PM ET
Payment website: https://www.gotonls.com

Original Creditor: Barclays Bank Delaware
Creditor: Barclays Bank Delaware
Account #: *****************1984
Reference #: 3538879
Balance: $7,693.69

1 AB   *A-01-H66-AM-05458-24

ROJAS, NELLY
9350 FONTAINEBLEAU BLVD APT C612
MIAMI FL 33172-4297

NORTHSTAR LOCATION SERVICES, LLC.
ATTN: FINANCIAL SERVICES DEPARTMENT
4285 GENESEE ST
CHEEKTOWAGA NY 14225-1943

Northstar Location Services, LLC would like to work with you to resolve the balance on your account(s).

Please contact your representative to discuss a settlement option, to pay less than the full balance due.

RE: Barclays Bank Delaware/ RCI Elite Rewards MasterCard

This settlement may have tax consequences. If you are uncertain of the tax consequences, consult a tax advisor.

Upon receipt of your final settlement payment, plus a 15 day waiting period to ensure funds are not returned as non-sufficient, your account will be settled for less than the full balance. Barclays Bank Delaware will submit a request to the consumer reporting agencies to reflect the settlement. Please allow 60 days for the information to be updated and appear on your credit report. Barclays Bank Delaware is not affiliated with the consumer reporting agencies and does not control when the consumer reporting agencies actually make the update.

To make paying your account more convenient we offer Payment-by-phone at 1-888-820-0964 or via Web Pay at https://www.gotonls.com. We accept checking, savings, and debit card.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.



ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals

IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

NELLY ROJAS,

        Plaintiff,

vs.

NORTHSTAR LOCATION SERVICES,
LLC and BARCLAYS BANK PLC,

        Defendant.
_____/

## PLAINTIFF'S NOTICE OF
## SERVING INTERROGATORIES TO DEFENDANT

Plaintiff Nelly Rojas, by and through undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.340, hereby propounds the attached interrogatories to Defendant Northstar Location Services, LLC. Sworn answers to these Interrogatories must be furnished on or before the 30th day after the service of these Interrogatories.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 19, 2021, the foregoing was electronically filed with the Clerk of the Court using the Florida Courts E-Filing Portal which will send a notice of electronic filing to all counsel of record.

        Respectfully Submitted,

        /s/ Thomas J. Patti
        **THOMAS J. PATTI, ESQ.**
        Florida Bar No.: 118377
        E-mail:    tom@jibraellaw.com
        The Law Offices of Jibrael S. Hindi
        110 SE 6th Street, Suite 1744
        Fort Lauderdale, Florida 33301

        *COUNSEL FOR PLAINTIFF*

## **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

**I.   DEFINITIONS**

(1) "Action" shall mean the above captioned matter.

(2) "Any," "All," and "each" shall be construed as any, all and each.

(3) "And" shall mean and/or.

(4) "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request;

(5) "Complaint" means the operative Statement of Claim filed in the above captioned action.

(6) "Collection Letter" shall refer to Exhibit "A" attached to the Complaint.

(7) "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8) "Defendant," "you," and "your" shall mean Northstar Location Services, LLC, any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9) "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff in the Collection Letter.

(10) "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs,

photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Florida Rules of Civil Procedure.

(11) "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.*

(12) "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

(13) "Including" means: (a) including, but not limited to, or (b) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14) "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(15) "Or" shall mean and/or.

(16) "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17) "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18) "Plaintiff" or "Plaintiff's" shall mean Nelly Rojas.

(19) "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action, and ends on March 19, 2021.

(20) The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

PAGE | 3 of 6

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(21) The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.

## II. INSTRUCTIONS

Each of the following requests is continuing, and in the event that at any later date you obtain or discover any additional information responsive to any request, you shall submit the information promptly. If an objection is made to any interrogatories herein, all information covered by the interrogatory which is not subject to the objection should be provided.

Information which may be responsive to more than one interrogatory need not be repeated, however such information should be identified and the interrogatory it was previously responsive to referenced. All headings herein are included only for organization purposes and should not be construed as being part of any interrogatory, or as limiting any request in any manner.

If any information requested by these interrogatories is claimed to be privileged or any interrogatory is otherwise objected to, please provide the exact grounds upon which the objection is based and identify all persons who presently have access to or are aware of the information requested.

## III. INTERROGATORIES

**Interrogatory No. 1.** Describe, step-by-step, the process which resulted in the Collection Letter being transmitted to Plaintiff, beginning with the date and method of transmission of Plaintiff's information to Defendant, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

**RESPONSE:**

PAGE | 4 of 6

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**Interrogatory No. 2.**  Identify each of Defendant's practices, policies, and procedures that were in existence prior to sending Plaintiff the Collection Letter, whereby said practices, policies, and procedures were reasonably adapted to prevent Defendant from violating the FDCPA as alleged by Plaintiff.

**RESPONSE:**

**Interrogatory No. 3.**  Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, that Defendant maintains.

**RESPONSE:**

**Interrogatory No. 4.**  Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, that Defendant does not maintain.

**RESPONSE:**

**Interrogatory No. 5.**  Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, maintained by Defendant regarding Plaintiff or the Debt that are current within one week of the current date.

**RESPONSE:**

**Interrogatory No. 6.**  Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, maintained by Defendant regarding Plaintiff or the Debt that are not current within one week of the current date.

**RESPONSE:**

PAGE | 5 of 6

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## **VERIFICATION**

Under penalties of perjury, I, the undersigned affiant, declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct.

_____
AFFIANT SIGNATURE

_____
PRINTED NAME OF AFFIANT

_____
CAPACITY / TITLE OF AFFIANT

**BEFORE ME**, the undersigned authority, personally appeared _____,

who produced as identification _____, bearing

number _____ expiring on _____ who

did take an oath, who stated that he/she is the person noted above, and that, according to his/her

best knowledge and belief, the forgoing answers are true and correct.

Sworn to and subscribed before me, this _____ day of _____, 202_____.

_____
SIGNATURE OF NOTARY

_____
PRINTED NAME OF NOTARY

[notary seal box]

SEAL OF NOTARY

IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

NELLY ROJAS,

        Plaintiff,

vs.

NORTHSTAR LOCATION SERVICES,
LLC and BARCLAYS BANK PLC,

        Defendant.
_____/

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

      Plaintiff NELLY ROJAS, by and through undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.350, and requests Defendant Northstar Location Services, LLC, to produce for inspection and copying within thirty (30) days from service the following documents by e-mail to tom@jibraellaw.com, or in the event delivery of Defendant's responses and the requested documents cannot be provided via e-mail, the same may be delivered to The Law Offices of Jibrael S. Hindi 110 SE 6th Street, Suite 1700, Fort Lauderdale, Florida 3330

### I.   DEFINITIONS

(1)    "Action" shall mean the above captioned matter.

(2)    "Any," "All," and "each" shall be construed as any, all and each.

(3)    "And" shall mean and/or.

(4)    "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request;

(5)    "Complaint" means the operative Statement of Claim filed in the above captioned action.

(6)    "Collection Letter" shall refer to Exhibit "A" attached to the Complaint.

(7)    "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange

PAGE | 1 of 5

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8) "Defendant," "you," and "your" shall mean Northstar Location Services, LLC, any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9) "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff in the Collection Letter.

(10) "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Florida Rules of Civil Procedure.

(11) "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.*

(12) "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

(13) "Including" means: (a) including, but not limited to, or (b) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14) "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been

PAGE | 2 of 5

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(15)  "Or" shall mean and/or.

(16)  "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17)  "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18)  "Plaintiff" or "Plaintiff's" shall mean Nelly Rojas.

(19)  "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action, and ends on March 19, 2021.

(20)  The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

(21)  The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.

## II.  INSTRUCTIONS

Each of the following requests is continuing, and in the event that at any later date you obtain or discover any additional document responsive to any request, you shall submit such document promptly. If an objection is made to any request herein, all documents covered by the request not subject to the objection should be produced. Similarly, if an objection is made to production of a document, the portion(s) of that document not subject to objection should be produced with the portion(s) objected to deleted and indicated clearly.

Each document is to be produced in its entirety even if only a portion of the document is related to the identified subject matter and without abbreviation, editing, or expurgation and including all appendices, tables, or other attachments. If an appendix, table, or other attachment is not presented

with the original but is attached to a copy thereof or is otherwise available, it should be submitted and clearly marked to indicate the document to which it corresponds. With the exception of privileged material, no document or portion thereof should be masked or deleted in any manner. To the extent possible, documents should be produced in the same order and arrangement as in the file form which they are taken.

Unless otherwise requested, in lieu of producing original documents, you may produce photocopies, provided that you shall retain the original documents and produce them to the Plaintiff upon request. Further, copies of original documents may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents, and their submission constitutes a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any legal proceeding. Please provide color copies of any document originally produced in color or containing type, writing, or other marks in any color other than black.

In the event such file(s) or documents(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file. If you choose to withhold from production for inspection and copying on the ground of privilege or the like, it is requested that you provide the following information: date, type of document, author, addressee or recipient, present location, custodian, number of pages, general description, privilege claimed, and any other pertinent information.

### III.   PRODUCTION REQUESTS

The following documents are requested to be produced. Please contact undersigned counsel, or have your attorney contact undersigned counsel if you are represented by an attorney, if you are uncertain as to the meaning of a term is or if you need additional information to understand a request.

PAGE | 4 of 5

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(1)  Copies of the documents that Defendant sent to Plaintiff during the two (2) years prior to the commencement of the above-captioned action.

(2)  Copies of the documents utilized or referenced by Defendant to create or draft the Collection Letter.

(3)  Copies of the documents, including manuals, instructions and guidelines, setting forth the policies and procedures of debt collection employed by Defendant during the two (2) years prior to the commencement of the above-captioned action.

(4)  A complete copy of any insurance policies covering Defendant for violations of the FDCPA or FCCPA during the relevant period.

(5)  All documents relied or referenced by Defendant in responding to the Interrogatories propounded on Defendant in the above-captioned action.

(6)  Copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

(7)  All exhibits which Defendant proposes to introduce at trial.

DATED: March 19, 2021

Respectfully Submitted,

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:     855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 19, 2021, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal. I also certify that the foregoing document is being served on opposing counsel via e-mail.

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377